**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **TEXTRON INNOVATIONS INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No.:  2:22-CV-00351-RWS-RSP** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SZ DJI TECHNOLOGY CO. LTD., DJI** | § | |
| **EUROPE B.V., SZ DJI BAIWANG** | § | |
| **TECHNOLOGY CO. LTD., and IFLIGHT** | § | |
| **TECHNOLOGY COMPANY LTD.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### SZ DJI TECHNOLOGY CO. LTD., DJI EUROPE B.V., SZ DJI BAIWANG TECHNOLOGY CO. LTD., AND IFLIGHT TECHNOLOGY COMPANY LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO TEXTRON INNOVATIONS INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants SZ DJI Technology Co. Ltd., DJI Europe B.V., SZ DJI Baiwang Technology Co. Ltd., and iFlight Technology Company Ltd. (hereinafter referred to collectively as "DJI" or "Defendants") file this Answer and Affirmative Defenses to Textron Innovations Inc. (hereinafter referred to as "Textron") Complaint for Patent Infringement ("Complaint") filed on September 9, 2022.  DJI denies the allegations and characterizations in Textron's Complaint unless expressly admitted in the following paragraphs.

With respect to each of the numbered paragraphs of the Complaint, DJI responds as follows:

### THE PARTIES

1. DJI is without information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies them.

2. DJI admits that SZ DJI Technology Co. Ltd. ("DJI SZ") is a Chinese corporation with its principal place of business at Lobby of T2, DJI Sky City, No. 53 Xianyuan Road, Xili

Community, Xili Street, Nanshan District, Shenzhen, China. DJI admits that DJI SZ researches

and develops DJI-branded products sold in the United States, including DJI's unmanned aerial

vehicle ("UAV") products.  DJI denies the remaining allegations in Paragraph 2 of the

Complaint.

3.      DJI admits that DJI Europe B.V. ("DJI BV") is a Netherlands corporation. DJI

BV's principal place of business is at Bijdorp-Oost 6, 2992 LA Barendrecht, Netherlands. DJI

admits that DJI BV has sold DJI-branded products in the United States, including DJI's UAV

products.  DJI denies the remaining allegations in Paragraph 3 of the Complaint.

4.      DJI admits that SZ DJI Baiwang Technology Co. Ltd.. ("DJI Baiwang") is a

Chinese corporation with its principal place of business is at 101, 201, 301, 401, 501 of Building

12, and 101, 201, 301 of Building 13, Baiwangzin Industrial Park, 1002 Songbai Road, Sunshine

Community, Xili Street, Nanshan District, Shenzhen, Guangdong, China. DJI admits that DJI

Baiwang manufactures DJI-branded products that are offered for sale, sold, or used in the United

States, or imported into the United States, including DJI's UAV products. DJI denies the

remaining allegations in Paragraph 4 of the Complaint.

5.      DJI admits that iFlight Technology Company Ltd. ("iFlight") is a Hong Kong

corporation with its principal place of business at Units 915-916, 9/F, Building 16W, Science

Park West Avenue, Phase Three, Hong Kong Science Park, Pak Shek Kok, New Territories,

Hong Kong. DJI denies the remaining allegations in Paragraph 5 of the Complaint.

<u>**BACKGROUND OF THE DISPUTE**</u>

6.      DJI is without information sufficient to form a belief as to the truth of the

allegations of Paragraph 6 of the Complaint and therefore denies them.

7.      DJI is without information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies them.

8.      DJI admits that DJI is short for Da-Jiang Innovations and was founded in China in 2006 by Wang Tao. DJI further admits that *DJI Technology, Inc. v. QFO Labs, Inc.*, No. 1-21-CV-00276, Dkt. No. 1 (D. Del. Feb. 24, 2021) contains statements as recited therein.  DJI denies the remaining allegations in Paragraph 8 of the Complaint.

9.      DJI denies the allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.      DJI admits that the Complaint purports to state a cause of action arising under United States patent laws.  The other allegations in Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  DJI denies any remaining allegations.

11.      Paragraph 11 of the Complaint contains legal conclusions to which no response is required.  DJI denies any remaining allegations.

12.      DJI admits that http://store.dji.com is a website that sells DJI-branded products. DJI further admits that there are other online resellers, authorized dealers, and retail stores selling DJI-branded products to customers.  DJI further admits that https://prm.dji.com sets forth a registration procedure for prospective partners.  DJI further admits that the website https://advexure.com/pages/apply-become-dji-dealer-reseller contains statements that refer to becoming a DJI dealer as stated therein.  DJI further admits that https://www.dji.com/where-to-buy/online-retails lists "Online Retailer[s]" as stated therein.  DJI further admits that https://www.dji.com/where-to-buy/professional-dealers lists "Pro Dealers" as stated therein.  DJI denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint contains legal conclusions to which no response is required.  DJI denies any remaining allegations.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required.  DJI admits that DJI SZ, DJI BV, DJI Baiwang, and iFlight are foreign entities.  DJI denies any remaining allegations.

## THE ASSERTED PATENTS

### U.S. Patent No. 10,275,950

15.     DJI admits the face of U.S. Patent No. 10,275,950 ("the '950 patent") states that it was issued on April 30, 2019, and that it is entitled "Avionics System Adapted For Employing Smartphone To Input-Output Flight Data."  DJI further admits that the '950 patent was issued by the United States Patent and Trademark Office, and that a document purporting to be a copy of the '950 patent is attached to the Complaint as Exhibit A.  DJI is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint and therefore denies them.

16.     DJI admits that Paragraph 16 of the Complaint purports to describe the '950 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

17.     DJI admits that Paragraph 17 of the Complaint purports to describe the '950 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

18.     DJI admits that Paragraph 18 of the Complaint purports to describe the '950 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

19.     DJI admits that Paragraph 19 of the Complaint purports to describe the '950 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

20.     Paragraph 20 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 20 of the Complaint purports to describe the '950 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

21.     Paragraph 21 of the Complaint contains legal conclusions to which no response is necessary.  To the extent a response is necessary, DJI admits that Paragraph 21 of the Complaint purports to describe the '950 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

### U.S. Patent No. 8,332,082

22.     DJI admits the face of U.S. Patent No. 8,332,082 ("the '082 patent") states that it was issued on December 11, 2012, and that it is entitled "Flight Control Laws for Constant Vector Flat Turns."  DJI further admits that the '082 patent was issued by the United States Patent and Trademark Office, and that a document purporting to be a copy of the '082 patent is attached to the Complaint as Exhibit B.  DJI is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Complaint and therefore denies them.

23.     DJI admits that Paragraph 23 of the Complaint purports to describe the '082 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

24.     DJI admits that Paragraph 24 of the Complaint purports to describe the '082 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

25.     DJI admits that Paragraph 25 of the Complaint purports to describe the '082 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

26.     DJI admits that Paragraph 26 of the Complaint purports to describe the '082 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

27.     Paragraph 27 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 27 of the Complaint purports to describe the '082 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

28.     Paragraph 28 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 28 of the Complaint purports to describe the '082 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

29.     Paragraph 29 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 29 of the Complaint purports to describe the '082 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

30.     Paragraph 30 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 30 of the Complaint

purports to describe the '082 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

### U.S. Patent No. 8,682,505

31.     DJI admits the face of U.S. Patent No. 8,682,505 ("the '505 patent") states that it was issued on March 25, 2014, and that it is entitled "Flight Control Laws for Constant Vector Flat Turns."  DJI further admits that the '505 patent was issued by the United States Patent and Trademark Office, and that a document purporting to be a copy of the '505 patent is attached to the Complaint as Exhibit C.  DJI further admits that the face of the '505 patent identifies the '505 patent as a continuation of the '082 patent.  DJI is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 of the Complaint and therefore denies them.

32.     DJI admits that Paragraph 32 of the Complaint purports to describe the '505 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

33.     DJI admits that Paragraph 33 of the Complaint purports to describe the '505 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

34.     DJI admits that Paragraph 34 of the Complaint purports to describe the '505 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

35.     Paragraph 35 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 35 of the Complaint

purports to describe the '505 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

36.     Paragraph 36 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 36 of the Complaint purports to describe the '505 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

37.     Paragraph 37 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 37 of the Complaint purports to describe the '505 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

### U.S. Patent No. 11,288,972

38.     DJI admits the face of U.S. Patent No. 11,288,972 ("the '972 patent") states that it was issued on March 29, 2022, and that it is entitled "Fleet Controller."  DJI further admits that the '972 patent was issued by the United States Patent and Trademark Office, and that a document purporting to be a copy of the '972 patent is attached to the Complaint as Exhibit D. DJI is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 of the Complaint and therefore denies them.

39.     DJI admits that Paragraph 39 of the Complaint purports to describe the '972 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

40.     DJI admits that Paragraph 40 of the Complaint purports to describe the '972 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

41.     Paragraph 41 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 41 of the Complaint purports to describe the '972 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 42 of the Complaint purports to describe the '972 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, DJI admits that Paragraph 43 of the Complaint purports to describe the '972 patent but refers to the patent itself for a true and complete statement of its contents.  DJI denies any remaining allegations.

## **COUNT I:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,275,950**

44.     DJI refers to and incorporates its responses to Paragraphs 1–43 above as if set forth fully herein.

45.     DJI admits that certain products can be used in combination with certain mobile applications or controllers.  DJI denies the remaining allegations in Paragraph 45 of the Complaint.

46.     DJI admits that Paragraph 46 of the Complaint recites what purports to be a copy of claim 9 of the '950 patent.  DJI denies the remaining allegations in Paragraph 46 of the Complaint.

47.     DJI denies the allegations in Paragraph 47 of the Complaint.

48.     DJI denies the allegations of Paragraph 48 of the Complaint.

49.     DJI admits that https://www.youtube.com/watch?v=_t0MI-I_yKU; https://www.youtube.com/watch?v=x4Y2zVscTq4; https://fcc.report/FCC-ID/2AHAY-WM3301601 provide videos and/or documents as shown or provided therein.  DJI further admits that *DJI Technology, Inc. v. QFO Labs, Inc.*, No. 1-21-CV-00276, Dkt. No. 1 at ¶ 14 (D. Del. Feb. 24, 2021) contains statements as recited therein.  DJI denies the remaining allegations in Paragraph 49 of the Complaint.

50.     DJI denies the allegations in Paragraph 50 of the Complaint.

51.     DJI denies the allegations in Paragraph 51 of the Complaint.

52.     DJI denies the allegations in Paragraph 52 of the Complaint.

53.     DJI denies the allegations in Paragraph 53 of the Complaint.

54.     DJI denies the allegations in Paragraph 54 of the Complaint.

55.     DJI denies the allegations in Paragraph 55 of the Complaint.

56.     DJI denies the allegations in Paragraph 56 of the Complaint.

**COUNT II:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,332,082**

57.     DJI refers to and incorporates its responses to Paragraphs 1–43 above as if set forth fully herein.

58.     DJI admits that certain products can be used in combination with certain mobile applications.  DJI denies the remaining allegations in Paragraph 58 of the Complaint.

59.     DJI admits that Paragraph 59 of the Complaint recites what purports to be a copy of claim 1 of the '082 patent.  DJI denies the remaining allegations in Paragraph 59 of the Complaint.[1]

---

[1] DJI notes that there are two paragraphs in the Complaint numbered 59.  Paragraph 59 of DJI's Answer addresses the allegations of both paragraphs in the Complaint numbered 59.

-10-

60.     DJI admits that https://www.youtube.com/watch?v=zvvbMxQ9Hj0; https://www.youtube.com/watch?v=Ns99NiP1HUs; https://fcc.report/FCC-ID/2AHAYWM3301601 provide videos and/or documents as shown or provided therein.  DJI further admits that *DJI Technology, Inc. v. QFO Labs, Inc.*, No. 1-21-CV-00276, Dkt. No. 1 at ¶ 14 (D. Del. Feb. 24, 2021) contains statements as recited therein.  DJI denies the remaining allegations in Paragraph 60 of the Complaint.

61.     DJI denies the allegations in Paragraph 61 of the Complaint.

62.     DJI denies the allegations in Paragraph 62 of the Complaint.

63.     DJI denies the allegations in Paragraph 63 of the Complaint.

64.     DJI denies the allegations in Paragraph 64 of the Complaint.

65.     DJI denies the allegations in Paragraph 65 of the Complaint.

66.     DJI denies the allegations in Paragraph 66 of the Complaint.

**COUNT III:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,683,505**

67.     DJI refers to and incorporates its responses to Paragraphs 1–43 above as if set forth fully herein.

68.     DJI admits that certain products include "Waypoints" or "Course Lock" functions.  DJI denies the remaining allegations in Paragraph 68 of the Complaint.

69.     DJI admits that Paragraph 69 of the Complaint recites what purports to be a copy of claim 1 of the '505 patent.  DJI denies the remaining allegations in Paragraph 69 of the Complaint.

70.     DJI denies the allegations in Paragraph 70 of the Complaint.

71.     DJI admits that https://www.youtube.com/watch?v=zvvbMxQ9Hj0; https://www.youtube.com/watch?v=Ns99NiP1HUs; https://fcc.report/FCC-

ID/2AHAYWM3301601 provide videos and/or documents as shown or provided therein.  DJI

further admits that *DJI Technology, Inc. v. QFO Labs, Inc.*, No. 1-21-CV-00276, Dkt. No. 1 at ¶

14 (D. Del. Feb. 24, 2021) contains statements as recited therein.  DJI denies the remaining

allegations in Paragraph 71 of the Complaint.

72.     DJI denies the allegations in Paragraph 72 of the Complaint.

73.     DJI denies the allegations in Paragraph 73 of the Complaint.

74.     DJI denies the allegations in Paragraph 74 of the Complaint.

75.     DJI denies the allegations in Paragraph 75 of the Complaint.

76.     DJI denies the allegations in Paragraph 76 of the Complaint.

77.     DJI denies the allegations in Paragraph 77 of the Complaint.

**COUNT IV:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 11,288,972**

78.     DJI refers to and incorporates its responses to Paragraphs 1–43 above as if set

forth fully herein.

79.     DJI admits that certain products use or facilitate DJI FlightHub2 functionality.

DJI denies the remaining allegations in Paragraph 79 of the Complaint.

80.     DJI admits that Paragraph 80 of the Complaint recites what purports to be a copy

of claim 15 of the '972 patent.  DJI denies the remaining allegations in Paragraph 80 of the

Complaint.

81.     DJI denies the allegations in Paragraph 81 of the Complaint.

82.     DJI admits that https://www.dji.com/flighthub-2/downloads;

https://www.dji.com/flighthub-2/video; https://www.dji.com/flighthub-2 provide videos and/or

documents as shown therein.  DJI further admits that *DJI Technology, Inc. v. QFO Labs, Inc.*,

No. 1-21-CV-00276, Dkt. No. 1 at ¶ 14 (D. Del. Feb. 24, 2021) contains statements as recited therein.  DJI denies the remaining allegations in Paragraph 82 of the Complaint.

83.    DJI denies the allegations in Paragraph 83 of the Complaint.

84.    DJI denies the allegations in Paragraph 84 of the Complaint.

85.    DJI denies the allegations in Paragraph 85 of the Complaint.

86.    DJI denies the allegations in Paragraph 86 of the Complaint.

87.    DJI denies the allegations in Paragraph 87 of the Complaint.

88.    DJI denies the allegations in Paragraph 88 of the Complaint.

## JURY DEMAND

89.    Textron's demand for a jury trial does not require a response.

## TEXTRON'S PRAYER FOR RELIEF

DJI denies that Textron is entitled to the relief requested in the Complaint for any action taken by or on behalf of DJI.

## DJI'S AFFIRMATIVE DEFENSES

90.    DJI's investigation of defenses available to them is ongoing, and DJI therefore reserves the right to amend its Answer as its investigation continues.  In further responses to the Complaint and as defenses, but without assuming a burden that they would not otherwise have, DJI alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

91.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT OF THE ASSERTED PATENTS)

92.     DJI does not and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, by inducement or contributorily, any purportedly valid and enforceable claim of the asserted patents.

### THIRD AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE ASSERTED PATENTS)

93.     The '950, '082, '505, and '972 patents are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 120, and the rules, regulations, and laws pertaining thereto.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MARK)

94.     To the extent that Textron, and alleged predecessors-in-interest to the asserted patents, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that DJI's actions allegedly infringed the asserted patents, DJI is not liable to Textron for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the asserted patents.

### FIFTH AFFIRMATIVE DEFENSE
### (TIME LIMIT ON DAMAGES)

95.     Textron's claims for recovery against DJI are barred, in whole or in part, by 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
### (NO INJUNCTIVE OR EQUITABLE RELIEF)

96.     Textron is not entitled to injunctive or equitable relief with respect to DJI, at least because Textron has not been injured by DJI irreparably, and Textron has an adequate remedy at law for any claims it can prove.

## SEVENTH AFFIRMATIVE DEFENSE
### (NO ATTORNEY'S FEES)

97.     Even if it were to prevail in its claims against DJI, DJI has engaged in all relevant actions in good faith, thereby precluding Textron from recovering any attorneys' fees and/or costs under 35 U.S.C. § 285.

## PRAYER

Wherefore, DJI prays for a judgment:

a.  That Textron's Complaint be dismissed in its entirety with prejudice as to DJI;

b.  Declaring that the asserted patents have never been and are not now infringed (directly, contributorily, or by inducement, literally or under the doctrine of equivalents) by DJI or any other person making, using, offering to sell, selling or importing any apparatus, system, device, product or method of DJI accused of infringing the asserted patents in this civil action;

c.  Declaring that no action taken by and/or on behalf of DJI now infringes (directly, contributorily, or by inducement) or in the past infringed (directly, contributorily, or by inducement) the asserted patents, literally or under the doctrine of equivalents;

d.  Declaring that claims of the asserted patents are invalid;

e.  That Textron is not entitled to the relief prayed for in the Complaint, or any relief whatsoever for any action by or on behalf of DJI;

g.  That Textron has failed to state any claim upon which relief can be granted with respect to DJI;

k.  That each of Textron's claims for recovery is barred, in whole or in part, by 35 U.S.C. § 286;

n.  That Textron is not entitled to injunctive or equitable relief with respect to DJI;

-15-

p.  That DJI has engaged in all relevant actions in good faith, thereby precluding

Textron from recovering any attorneys' fees and/or costs under 35 U.S.C. § 285;

q.  That no damages or royalties are due or owing by DJI for any of the acts alleged

in Textron's Complaint;

r.  That, pursuant to, *inter alia*, 35 U.S.C. § 285, DJI be awarded their costs and

disbursements, including attorney fees for this exceptional action; and

s.  That DJI is entitled to such other and further relief as the Court may deem

appropriate.

Dated: December 22, 2022

Respectfully submitted,

Kenneth R. Adamo
Texas State Bar No. 00846960
Marc Weinstein
*Pro Hac Vice* Application to be filed
Virginia Bar No. is 44645
Scott Daniels
*Pro Hac Vice* Application to be filed
District of Columbia Bar No. 939447
Mao Wang
*Pro Hac Vice* Application to be filed
Virginia Bar No. 88074
XSENSUS, LLP
100 Daingerfield Road, Suite 402
Alexandria VA 22314
Tel: 571-376-6333
Email: kenneth@kradamo.com
Email: marc.weinstein@xsensus.com
Email: scott.daniels@xsensus.com
Email: john.wang@xsensus.com

Thomas E. Bejin
Admitted *pro hac vice*
Michigan Bar No. P56854
BEJIN BIENEMAN PLC
2000 Town Center, Suite 800
Southfield, Michigan 48075
Tel: (313) 528-4882
Fax: (313) 528-6923
Email: bejin@b2iplaw.com


Andy Tindel
Texas Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Tel: (903) 596-0900
Fax: (903) 596-0909
Email: atindel@andytindel.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 22nd day of December, 2022. Any other counsel of record will be served via electronic transmission.

Andy Tindel