# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TEXTRON INNOVATIONS, INC.** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CAUSE NO.  2:22-CV-00351** |
| | § | |
| **SZ DJI TECHNOLOGY CO., LTD.,** | § | |
| **DJI EUROPE B.V., SZ DJI BAIWANG** | § | |
| **TECHNOLOGY CO. LTD., and** | § | |
| **IFLIGHT TECHNOLOGY COMPANY** | § | |
| **LTD.** | | |
| | | |
| **Defendants.** | | |

**PATENT PROTECTIVE ORDER**

WHEREAS, Plaintiff Textron Innovations Inc. and Defendants SZ DJI Technology Co.,

Ltd., DJI Europe B.V., SZ DJI Baiwang Technology Co, Ltd., iFlight Technology Co., Ltd.,

hereafter referred to as "the Parties," believe that certain information that is or will be

encompassed by discovery demands by the Parties involves the production or disclosure of trade

secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with

Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.       Each Party may designate as confidential for protection under this Order, in whole or in part,

any document, information or material that constitutes or includes, in whole or in part,

confidential or proprietary information or trade secrets of the Party or a Third Party to whom

the Party reasonably believes it owes an obligation of confidentiality with respect to such

document, information or material ("Protected Material").   Protected Material shall be

designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDERESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "CONFIDENTIAL , "RESTRICTED - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "RESTRICTED CONFIDENTIAL SOURCE CODE" or "RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the

stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL - RESTRICTED  ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "RESTRICTED CONFIDENTIAL SOURCE CODE" or "RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as

------------------------

class of materials designated as "CONFIDENTIAL," "CONFIDENTIALRESTRICTED - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "RESTRICTED CONFIDENTIAL SOURCE CODE" or "RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE," both individually and collectively.

reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) up to and including four (4) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order.

No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL RESTRICTED — ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", or to the extent such Protected Material includes computer

source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED   CONFIDENTIAL   SOURCE   CODE" or "RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE.".

9.      For Protected Material designated CONFIDENTIAL - RESTRICTED  ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.     For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is also subject to disclosure restrictions related to U.S. governmental regulations, the producing Party may designate such Protected Material as "CONFIDENTIAL - REGULATED INFORMATION." For Protected Material designated CONFIDENTIAL - REGULATED INFORMATION, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the individuals are authorized under the applicable regulations to access such information.

10.12.  For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  —The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 1210 (h and k) below.  Additionally, except as provided in paragraph 12(l10(k) below, the stand-alone computer(s) may only be located at the offices designated byof the producing PartyParty's outside counsel;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alongalone computer(s) to normal business hours, which for purposes of this paragraph shall be 98:00 a.m. through 56:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices designated by the producing Partyof its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access -to -Protected -Material -designated -RESTRICTED -CONFIDENTIAL- -SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include

affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may include limited excerpts of Source Code Material in an exhibit to a pleading, exhibit, expert report, or~~discovery document,~~ deposition transcript (collectively, "Source Code Exhibit")~~, other Court document,~~ provided that the references are necessary and that the Source Code Exhibit~~Documents~~ are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Exhibit~~Document~~, either (1) the entire Source Code Exhibit~~Document~~ will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph 12(e) above~~10(k) below~~, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party~~, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically~~;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, which shall presumptively be a total of ten (10), all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)     The parties will work together and be reasonable in considering requests to print voluminous consecutive lines of code, such as for a reasonable print request of a single discrete function. If the producing Party objects to Source Code Material printed by the receiving Party, that objection must be made within three (3) business days of printing and the parties must confer within five (5) business days of printing. After meeting and conferring, the receiving Party shall be entitled to seek relief from the Court within seven (7) business days of printing. If the volume and category of materials sought to be printed indicates that the receiving Party is not printing Source Code Material within reasonable limits, the producing Party is

---

the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

entitled to object on that basis. If an agreement cannot be reached the receiving Party may seek relief from the Court. Upon the receiving Party's printing any portions of Source Code Material, such printed pages shall be collected by the producing Party. The producing Party shall Bates number, copy and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages printed by the receiving Party, and send them to the receiving Party within four (4) business days of printing unless objected to;

(j)      Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(k)      The receiving Party's outside counsel, consultants, or experts may take notes relating to the Source Code Material. The receiving Party's outside counsel and/or experts may not copy the source code into the notes. However, the notes may include filenames, function names, variable names, and line numbers. The notes shall be treated as RESTRICTED CONFIDENTIAL SOURCE CODE, and restrictions in this paragraph 12 apply to them. The receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, thumb drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, cellular telephones, smartphones, personal digital assistants (PDAs), Blackberries, iPhones, cameras, voice recorders, Dictaphones, telephone jacks or any other hardware devices inside the room containing the stand-alone computer;

(l)(j)

(m)(k)  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(n)(l)   A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 12‑10(e) above to another person authorized under paragraph 12‑10(e) above, on paper or, to the extent permitted under paragraph 12(e), removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material in electronic form must be encrypted using commercially reasonable encryption software including password protection. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the

Internet. ~~Source Code Material may only be transported electronically for the~~ ~~purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j)~~ ~~above and is at all times subject to the transport restrictions set forth herein.  But, for~~ ~~those purposes only, the Source Code Materials may be loaded onto a stand-alone~~ ~~computer.~~

13.     To the extent a producing Party believes that certain Protected Material may be subject to disclosure restrictions related to relevant China laws and regulations, the producing Party may designate such Protected Material as RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE. For Protected Material designated RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE, based on the above restrictions as set forth in paragraph 12, the following additional restrictions further apply (in case of any conflict with paragraph 12, this paragraph shall prevail):

a.     The stand-alone computer(s) as set forth in paragraph 12(a) may only be located at offices designated by the producing Party in Chinese mainland;

b.     Access to Protected Material designated RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE shall be limited to outside counsel and up to two (2) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity). The outside counsel, consultants or experts shall be Chinese nationals lawfully admitted for permanent residence in Chinese mainland, and retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above;

c.     Before printing, copying, or transmitting any portion of Source Code Material, the producing Party shall obtain license or permission from competent Chinese government or agencies to allow the export of such material to the United States. After such license or permission is obtained, the producing Party shall provide such

material to the receiving Party in accordance with relevant China laws and regulations and this protective order.

11.14.  Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - RESTRICTED - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, RESTRICTED CONFIDENTIAL SOURCE CODE and/or RESTRICTED CONFIDENTIAL - CHINA REGUALTED SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Nothing in this Order shall prevent a person having accessed HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, e.g., IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

15.     Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each Party receiving Protected Material shall comply with all applicable export control statutes and regulations. See, e.g., 15 CFR § 734.2(b). No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, and to the extent otherwise permitted by law, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL SOURCE CODE or RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

16.     Disclosure, transportation or transmission of Protected Material in or from China shall be subject to all applicable laws and regulations of China relating to the export of information or data contained in such Protected Material, including the release of such information or data to foreign persons or nationals in China or elsewhere. Each Party receiving Protected

Material shall comply with all applicable export control statutes and regulations of China (e.g., the Foreign Trade Law of the People's Republic of China and its implementing regulations). Without license or permission from Chinese competent government, no Protected Material may leave the territorial boundaries of Chinese mainland or be made available to any person who is not (i) a national of the People's Republic of China or (ii) lawfully admitted for permanent residence in Chinese mainland. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of Chinese mainland is similarly prohibited.

12.17.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings

by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.18.  There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.19.  Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.20.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a

deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS'~~RESTRICTED ATTORNEY'~~ EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION", "RESTRICTED CONFIDENTIAL SOURCE CODE" or "RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY~~confidential~~.

~~16.~~21.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL~~confidential documents, information or material~~, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

~~17.~~22.  The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

~~18.~~23.  A Party may request in writing to the other Party that the designation given to any

DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

~~19.~~24.  Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

~~20.~~25.  To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

~~21.~~26.  To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "RESTRICTED CONFIDENTIAL SOURCE CODE"

or "RESTRICTED CONFIDENTIAL - CHINA REGULATED SOURCE CODE" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

22.27.  Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23.28.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.29.  Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.30.  Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.31.  Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **TEXTRON INNOVATIONS, INC.** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CAUSE NO.  2:22-CV-00351** |
| | § | |
| **SZ DJI TECHNOLOGY CO., LTD.,** | § | |
| **DJI EUROPE B.V., SZ DJI BAIWANG** | § | |
| **TECHNOLOGY CO. LTD., and** | § | |
| **IFLIGHT TECHNOLOGY COMPANY** | § | |
| **LTD.** | | |
| | | |
| **Defendants.** | | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

     My current employer is _____.

     My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

     understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

     will not disclose to anyone not qualified under the Protective Order, and will use only for

     purposes of this action any information designated as "CONFIDENTIAL,"

     "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

     SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things

designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.


I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____