# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **TEXTRON INNOVATIONS INC.,** | § | |
| *Plaintiff*, | § | **CIVIL ACTION 6:21-cv-00740-ADA** |
| | § | |
| **v.** | § | |
| | § | |
| **SZ DJI TECHNOLOGY CO., LTD.,** | § | |
| **DJI EUROPE B.V., SHENZHEN** | § | |
| **DAJIANG BAIWANG** | § | |
| **TECHNOLOGY CO. LTD., AND** | § | |
| **IFLIGHT TECHNOLOGY** | § | |
| **COMPANY LTD.,** | § | |
| *Defendants.* | § | |

## AMENDED PROTECTIVE ORDER

WHEREAS, Plaintiff Textron Innovations Inc. ("Plaintiff") and Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, export controlled materials, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be

designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.    Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.    With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL -

stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or

---

REGULATED INFORMATION," "EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," individually and collectively.

unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.     "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)     Outside counsel of record in this Action for the Parties.

(b)     Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     Up to and including four in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation (and staff/support personnel, working at the direction of such outside consultant or expert), provided that: (1) such consultants or experts are not presently employed by the Parties or an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.   The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed

disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.     Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes Export

Controlled Information (as defined in Section 12) the producing Party may designate such Protected Material as "EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is also subject to disclosure restrictions related to U.S. governmental regulations, the producing Party may designate such Protected Material as "CONFIDENTIAL - REGULATED INFORMATION." For Protected Material designated CONFIDENTIAL - REGULATED INFORMATION, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g);

provided, however, that the individuals are authorized under the applicable regulations to access such information.

12.    To the extent a producing Party believes that certain Protected Material includes "Export Controlled Information" (meaning information and things that are classified at a level that may subject it to restrictions regarding any export, reexport, or transfer without obtaining a license or other authorization from the U.S. government due to restrictions imposed by U.S. export controls and trade embargoes, including but not limited to the Export Administration Regulations ("EAR"), 15 CFR §§ 730, *et seq.*, International Traffic in Arms Regulations ("ITAR"), 22 CFR §§ 120, *et seq*., and/or U.S. government "Distribution Statements" (as defined in DoDI 5230.24)) the producing Party may designate such Protected Material as "EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY."  Protected Material designated as "EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY" is subject to the following restrictions:

(a)    All Export Controlled Information will be furnished by U.S. Persons as defined by U.S. export control laws and regulations (hereafter "U.S. Persons") directly to outside counsel.

(b)    Outside counsel hereby certify that they and their personnel who receive Export Controlled Information are and will be U.S. Persons, that they will store all Export Controlled Information in a manner such that access is restricted only to U.S. Persons, and that no Export Controlled Information will be physically transported or transmitted outside U.S. territory.

(c)    Outside counsel shall take all steps necessary to ensure that documents (including deposition transcripts) that include Export Controlled Information are used and accessed in accordance with the EAR, 15 CFR §§ 730, *et seq*., ITAR, 22 CFR §§ 120, *et seq*., or any other relevant export control or trade embargo law, and are disclosed only to U.S. Persons or as otherwise permitted under U.S. law.

(d)    Outside counsel is responsible for ensuring that Export Controlled Information in

their possession, custody or control is not made public.

(e)    Outside counsel will not disclose, export, or transfer, in any manner, including within the United States, Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written authorization of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law.

(f)    No person except those permitted access to Export Controlled Information by this Order can attend depositions to the extent that Export Controlled Information is anticipated to be disclosed at such depositions and such deposition transcripts shall be appropriately marked as containing Export Controlled Information.

(g)    Outside counsel may not disclose Export Controlled Information to employees and in-house counsel of either Party.

(h)    Outside counsel may not disclose Export Controlled Information to designated representatives (as defined by Section 5(d)) of either Party.

(i)    Outside counsel may not publicly file any Export Controlled Information with the Court, all such filings will be made under seal and the Parties agree to confer, and if necessary, to discuss with the Court the proper safeguards to avoid an export violation prior to filing any such material with the Court.

(j)    Outside counsel may disclose Export Controlled Information to U.S. person experts, subject to the restrictions at section 5(e) and this section 12.

(k)    Before disclosing any Export Controlled Information to any person, outside counsel shall require such third person to execute a non-disclosure agreement in the form attached hereto.

(l)    All documents containing Export Controlled Information shall be placed in a secure file, room, or network drive with controlled access limited to U.S. Persons.

13.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 13(h and k) below. Additionally, except as provided in paragraph 13(l) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors. Defendants shall make the stand-alone computers for source code review available at the

Washington DC office of Defendants' outside counsel, unless the parties mutually agree to a different location.

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

(e)     Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include limited excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the references are necessary and that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)     To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE.

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that all such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

(g)     Except as set forth in paragraph 13(e) above, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party.

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, which shall presumptively be a total of ten (10), all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(i)     The parties will work together and be reasonable in considering requests to print voluminous consecutive lines of code, such as for a reasonable print request of a single discrete function.  In the event of a dispute, the producing Party shall bear the burden to show why production of the requested code is unreasonable.  If the producing Party objects to Source Code printed by the receiving Party, that objection must be made within three (3) business days of printing and the parties must confer within five (5) business days of printing.  After meeting and conferring, the receiving Party shall be entitled to seek relief from the Court within seven (7) business days of printing.  If the volume and category of materials sought to be printed indicates that the receiving Party is not printing Source Code within reasonable limits, the producing Party is entitled to object on that basis.  If an agreement cannot be reached the receiving Party may seek relief from the Court.  Upon the receiving Party's printing any portions of Source Code Material, such printed pages shall be collected by the producing Party.  The producing Party shall Bates number, copy and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages printed by the receiving Party, and send them to the receiving Party within four (4) business days of printing unless objected to.

(j)     The receiving Party's outside counsel, consultants, or experts may take notes relating to the Source Code Material.  The receiving Party's outside counsel and/or experts may not copy the source code into the notes.  However, the notes may include filenames, function names, variable names, and line numbers.  The receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, thumb drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, cellular telephones, smartphones, personal digital assistants (PDAs), Blackberries, iPhones, cameras, voice recorders, Dictaphones, telephone jacks or any other hardware devices inside the room containing the stand-alone computer.

(k)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s);

and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(l)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 13(e) above to another person authorized under paragraph 13(e) above, on paper or, to the extent permitted under 13(e), removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier, or, to the extent permitted under 13(e), encrypted FTP or similar technology. Source Code Material in electronic form must be encrypted using commercially reasonable encryption software including password protection. Except as otherwise provided herein, Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

14.    Any attorney representing the receiving Party, whether in-house or outside counsel, and any person associated with the receiving Party and permitted to receive the producing Party's Protected Material that is designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, accesses, or otherwise learns, in whole or in part, the producing Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals. Nothing in this Order shall prevent a person having accessed HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

15.    Disclosure of Protected Material and/or Designated Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each Party receiving Protected Material shall

comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR § 734.2(b). No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

16.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally

13

produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and either return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party, or destroy all copies of such documents, information, or other material and certify such destruction to the producing Party.

17. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

18. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee

14

of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (to the extent permitted to access the DESIGNATED MATERIAL); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

19.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY.

20.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform

to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

21. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. This section 21 does not apply to DESIGNATED MATERIAL marked as EXPORT CONTROLLED INFORMATION – OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY. The use of Export Controlled Information at trial is restricted by Section 12, and the Parties agree to confer, and if necessary, to discuss with the Court the proper safeguards to avoid an export violation at the trial.

22. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

23.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

24.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

25.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties.   The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY" in accordance with this Order.

26.    The Parties agree to extend the provisions and protections of this Order to Protected Material and/or Designated Material produced in this case by Third Parties pursuant to a

lawfully served subpoena.

27. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

28. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

29. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

30. Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced

so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

31. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

32. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED** this 30th day of September, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TEXTRON INNOVATIONS INC,** | § | |
| *Plaintiff*, | § | **CIVIL ACTION 6:21-cv-00740-ADA** |
| | § | |
| **v.** | § | |
| | § | |
| **SZ DJI TECHNOLOGY CO, LTD.** | § | |
| **AND DJI EUROPE B.V.,** | § | |
| *Defendants.* | § | |
| | § | |


**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.   My address is _____.

     My current employer is _____.

     My current occupation is _____.

2.   I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.   I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

1

4.      Promptly upon termination of this action, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL - REGULATED INFORMATION," "OUTSIDE ATTORNEYS' EYES AND U.S. PERSONS ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I was employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____