# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEXTRON INNOVATIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., SZ DJI BAIWANG TECHNOLOGY CO. LTD., AND IFLIGHT TECHNOLOGY COMPANY LTD., <br><br> Defendants. | Case No.: 2:22-CV-00351-RWS-RSP |

**DEFENDANTS' RULE 72 OBJECTIONS TO ORDER ON TEXTRON AND DJI'S MOTION FOR ENTRY OF A DISPUTED PROTECTIVE ORDER**

Pursuant to Rule 72(a) DJI respectfully objects to Judge Payne's Order (the "Order") on the parties' motion for entry of a disputed protective order, which denied numerous of DJI's proposed modifications to the Court's model protective order.  D.I. 48.  DJI requests that the Court sustain this objection, reverse the denial, in numbered paragraphs 2-9 of the Order, of DJI's proposed modifications, and order the entry of a revised protective order incorporating such modifications.

## ARGUMENT

### I.  Background

For DJI to fulfill its discovery obligations regarding its source code based in China, DJI must comply with China's export control laws.  The Ministry of Commerce of China and the Ministry of Science and Technology of China have promulgated regulations in accordance with China's export control laws that include a Catalog listing technologies that are subject to export prohibitions or subject to restrictions needing an export license.  *See* D.I. 41-4 at ¶¶6-7, 17; D.I. 54-2 at ¶¶6-9.  Any person or entity exporting a restricted technology without a license subjects the exporter to severe administrative and/or criminal penalties under Chinese law.  *See* D.I. 41-4 at ¶18; D.I. 54-2 at ¶¶6-9.  DJI has a good faith belief that at least some relevant source code, such as source code relating to flight control systems, is likely to be technology identified by the Catalog as restricted ("Restricted Source Code"), such that an export license from the Department of Commerce of Guangdong Province ("GDDOC") will likely be required to enable DJI to produce Restricted Source Code in this proceeding.  *See* D.I. 41-4 at ¶¶6-7, 17; D.I. 54-2 at ¶¶10-11.

DJI filed an export application with the GDDOC seeking a Technology Export License that allows for export and production of Restricted Source Code for use in this proceeding.  *See* D.I. 41-4 at ¶20; D.I. 54-2 at ¶12.  One component of the export application includes the

protective order that will be entered in this case. DJI believes that a protective order with strong and specific restrictions on the availability and use of any source code produced from China is a factor that will help persuade the GDDOC to issue the Technology Export License. *See* D.I. 41-4 at ¶20. In the parties' motion for a disputed protective order, DJI proposed a protective order with a few, targeted modifications, opposed by Textron, reflecting such restrictions designed to maximize the chances of obtaining approval of a Technology Export License to enable DJI's production of the Restricted Source Code in this litigation, while allowing Textron as fulsome access as possible to the Restricted Source Code. *See* D.I. 41 at 7-9; D.I. 41-2.

Judge Payne denied numerous of DJI's proposed modifications and ordered the parties to meet and confer to refile a motion for entry of a protective order consistent with his denials. *See* D.I. 48. Judge Payne did not articulate the reasons for his denials. *Id.* Pursuant to Judge Payne's Order (but without DJI waiving its objections thereto), the parties met and conferred and submitted such a stipulated protective order omitting DJI's denied proposed modifications. *See* D.I. 50.

The denials to which DJI objects are with respect to modifications seeking to impose the following reasonable limitations on the dissemination of Restricted Source Code:

- Order ¶ 2 - limiting excerpting of Restricted Source Code to exclude broad and vague categories;
- Order ¶ 3 - *presumptive* limit of 10 photocopies and printouts;
- Order ¶ 4 - providing *mechanism for objecting to and seeking relief from Court* for unreasonable volume of Restricted Source Code;
- Order ¶ 5 - requiring *labeling* of printouts or photocopies of Restricted Source Code transferred back to electronic media;
- Order ¶ 6 - prohibiting copying of source code into notes taken relating to Restricted Source Code, *but allowing for inclusion of*: filenames, function names, variable names and line numbers;
- Order ¶ 7 - restricting electronic transport and loading onto stand-alone computer of Restricted Source Code to only Court proceedings and depositions;

2

- Order ¶ 8 – limiting access to Restricted Source Code to outside counsel who are Chinese nationals lawfully admitted for permanent residence in China; and
- Order ¶ 9 – restricting, *without license or permission from Chinese government*, a) removal of Restricted Source Code from China and viewing Restricted Source Code outside China and b) access to Restricted Source Code to persons who are Chinese nationals lawfully admitted for permanent residence in China.

*See* D.I. 48.

Textron had previously agreed to many of these restrictions in the stipulated protective order in the Western District of Texas case between the parties. *See Textron Innovations Inc.* v. *SZ DJI Technology Co., Ltd. et al*, Case No. 6:21-cv-00740-ADA, Dkt. No. 75-1 at 9 (¶¶12(h)-(j)) (W.D. Tex. May 2, 2022).

## II. Objections

The proposed modifications Judge Payne denied in ¶¶ 2-9 of his Order were restrictions that, as explained in the motion for entry of a disputed protective order, DJI had narrowly tailored in an attempt maximize the likelihood that the GDDOC would grant a Technology Export License for which DJI has applied, thus allowing DJI to provide access to Restricted Source Code in this litigation without DJI being subject to criminal penalties under Chinese law. *See* D.I. 41 at 7-9.

Textron did not dispute that, absent a Technology Export License, severe administrative and/or criminal penalties under Chinese law would apply if DJI sought to export the Restricted Source Code outside the China for purposes of this litigation. In fact, Textron cited to a prior declaration by DJI's Chinese counsel that made this clear. *See* D.I. 41 at 3 (citing to Ex. D); D.I. 41-4 at ¶18.

Nor did Textron present any evidence that the GDDOC would grant a Technology Export License absent a protective order including the denied modifications.[1] In contrast, DJI pointed to evidence supporting its belief that these modifications would help persuade the GDDOC to grant such a license, *e.g.*, the GDDOC's requirement that a Technology Export License application include a detailed explanation regarding the means and reasons for technology export. *See* D.I. 41-4 at ¶20.

Finally, Textron presented no evidence that the access Textron would be provided under DJI's proposed modifications would be insufficient for it to carry out its infringement analysis to which the Restricted Source Code is purportedly relevant. Rather, it argued only that the restrictions would make such an analysis more burdensome. *See* D.I. 41 at 5. But any such alleged burden would be far greater if a Technology Export License is again denied and DJI is unable to provide any access at all in this litigation to the Restricted Source Code.

Thus nothing in the "motion and the arguments therein" that Judge Payne stated he considered in issuing his Order suggested that there was not the requisite good cause for granting the additional restrictions that DJI sought in the form of the denied modifications. *See Document Generation Corp.* v. *Allscripts, LLC*, 2009 WL 176096, *2 (E.D.Tex. June 23, 2009). Instead, where Textron did not show that access under the denied modifications would be "inadequate" or that broader access is "necessary to adequately review" the Restricted Source Code, "given the facts of this case", the risks of DJI being unable to provide any access at all in this litigation to the Restricted Source Code "outweighs any benefit from" the broader provisions in the model

---

[1] Textron's own evidence is only to the contrary. Textron argued that the denied modifications are not important because DJI did not request such restrictions in the prior Western District of Texas case between the parties where DJI also sought an application for a Technology Export License. *See* D.I. 41 at 5. But that prior DJI application for a Technology Export License was ***denied***. *See* D.I. 54-2 at ¶ ¶5,9. Precisely because DJI seeks to avoid a similar result here, it has now proposed the denied modifications in an attempt to assuage the GDDOC concerns that led to the prior denial.

4

protective order.  *See Rmail Limited* v. *Amazon.com, Inc.*, 2013 WL 12446255, *1 (E.D.Tex. June 18, 2013).  The prior denial of DJI's Technology Export License application furthermore demonstrates the very real potential for "a clearly defined and serious injury" that supports the additional protections DJI seeks.  *National Rifle Association of America* v. *Ackerman McQueen, Inc.*, 2020 WL 11028223, *2 (N.D. Tex. June 22, 2020).  Accordingly, Judge Payne's denial of DJI's proposed modifications was clearly erroneous.

DJI seeks to avoid an outcome in which it is denied a Technology Export License due to a protective order that the GDDOC finds insufficient to protect its interests in the source code at issue.  This would place DJI in the untenable position of choosing between criminal penalties imposed by the Chinese authorities for exporting and producing the Restricted Source Code without the License or noncompliance with this Court's requirement under the Local Rules to produce the Restricted Source Code.  To minimize the possibility of this unfair result, DJI requests that this Court order the entry of a revised protective order incorporating the modifications denied by Judge Payne's Order in numbered paragraphs 2-9.

### III.     CONCLUSION

For the foregoing reasons, DJI respectfully requests that the Court set aside the Magistrate Judge's Order with respect to numbered paragraphs 2-9 and order entry of a revised protective order that includes DJI's proposed modifications as set forth in the parties' motion for entry of a disputed protective order.

Dated: June 8, 2023

                              Respectfully Submitted,

                              */s/ Andy Tindel*
                              Catherine Nyarady (*pro hac vice*)
                              Katherine Forrest (*pro hac vice*)
                              Kripa Raman (*pro hac vice*)
                              PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                              1285 Avenue of the Americas
                              New York, NY 10019

                              Andy Tindel
                              Texas Bar No. 20054500
                              MT² LAW GROUP
                              MANN | TINDEL | THOMPSON
                              112 East Line Street, Suite 304
                              Tyler, Texas 75702
                              Tel:  (903) 596-0900
                              Fax: (903) 596-0909
                              Email: atindel@andytindel.com

                              *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on June 8, 2023. Any other counsel of record will be served via electronic transmission.

                              */s/ Andy Tindel*
                              Andy Tindel