UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TEXTRON INNOVATIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., SZ DJI BAIWANG TECHNOLOGY CO. LTD., and IFLIGHT TECHNOLOGY COMPANY LTD. <br><br> Defendants. | Case No. 2:22-CV-00351-RWS-RSP |

**DECLARATION OF QING REN**

I, QING REN, declare pursuant to 28 U.S.C. § 1746:

**I.    INTRODUCTION**

1. I am a Partner at the Global Law Office ("GLO") based in Beijing, China. I have been retained by SZ DJI Technology Co., Ltd ("DJI") for the purpose of advising DJI on whether production of a portion of the source code for the flight control system (the "Restricted Source Code") in this litigation brought by Textron Innovations Inc. against DJI falls within the purview of Chinese export control laws and, if so, the repercussions DJI will face, should it choose to procure them without the express written consent of Chinese authorities.

2. I specialize in international trade law, especially in areas of export control, economic sanctions, WTO dispute settlement, trade policy consultation, and other related areas. Prior to joining GLO, I worked at the Department of Treaty & Law of the Ministry of Commerce ("MOFCOM") of China from 2004 to 2013, with a focus in the international trade law area.

1

MOFCOM is the national agency responsible for formulating and enforcing government policy on foreign trade and commerce.

3. At the request of DJI, I prepared this affidavit in support of its Motion for a Protective Order.

4. The statements herein are based on my knowledge and professional legal assessment. I am familiar with the relevant factual matters of the instant case and Chinese export control laws.

5. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

## II. CHINESE EXPORT LAWS LEAVE NO ROOM FOR DJI'S DISCRETION

6. In accordance with the *Foreign Trade Law of the Peoples' Republic of China* (the "FTL")[1] and its implementing regulations, including the *Regulations on Administration of Technology Import and Export of the People's Republic of China* (the "TIER")[2] and *Measures on Administration of Prohibited or Restricted Technology Import* (the "TEM"),[3] China prohibits or restricts the export of certain technologies.[4]

7. Export of technologies subject to prohibition is prohibited; export of technologies subject to restriction requires a license.[5] The technologies subject to prohibition or restriction

---

[1] Adopted on May 12, 1994, as last amended on December 30, 2022.
[2] Decree No. 331 of the State Council of China, as last amended on November 29, 2020.
[3] MOFCOM order No. 2 of 2009.
[4] *See* Articles 15 and 16 of the FTL (restricting or prohibiting export for various purposes, including the safeguard of national security).
[5] *See* Articles 15, 16 and 18 of the FTL, and Articles 29 and 30 of the TIER.

have been set out by a catalogue (the "Catalogue")[6] promulgated by MOFCOM and the Ministry of Science and Technology of China in accordance with the authorization of the FTL and TIER.[7]

8. ███████████████████████████████████████████



9. ███████████████████████████████████████████

III. ███████████████████████████████████████████

10.  Pursuant to the FTL and the TIER, export of a technology subject to export restriction without a license will result in severe administrative and/or criminal penalties. Specifically, where a technology subject to export restriction is exported without a license, the exporter shall be prosecuted for criminal liabilities in accordance with the provisions for the

---

[6] MOFCOM order No. 12 of 2008, as last amended on August 28, 2020.
[7] *See* Article 17 of the FTL and Article 28 of the TIER.

crimes of smuggling, illegal business operation, divulging national secrets or other crimes in the Chinese Criminal Law; where the actions are not so severe as to warrant criminal punishment, the exporter shall be punished in accordance with the Chinese Customs law, or be imposed by MOFCOM a fine up to five times of the illegal gain of the exporter therefrom.[10]

11. ███████████████████████████████

IV. ███████████████████████████████

12. ███████████████████████████████

13. ███████████████████████████████

14. ███████████████████████████████

---

[10] *See* Article 60 of the FTL and Article 43 of the TIER. ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ ███████████████

███████████████████████████████████████

15. ████████████████████████████████████████████████

███████████████████████████████████████████████

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2023.

/Qing Ren/
QING REN

---

█ ████████████████████████████