**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TEXTRON INNOVATIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD., DJI EUROPE B.V., SZ DJI BAIWANG TECHNOLOGY CO. LTD., and IFLIGHT TECHNOLOGY COMPANY LTD., <br><br> Defendants. | Case No. 2:22-CV-00351-RWS-RSP <br><br> **REDACTED PUBLIC VERSION** |

### DECLARATION OF CATHERINE NYARADY

1. I am a partner at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss").

2. I have been retained by SZ DJI Technology Co., LTD., DJI Europe B.V., SZ DJI Baiwang Technology Co. LTD., and iFLIGHT Technology Company LTD. (collectively "DJI") for the purpose of representing DJI in the above-captioned matter ("the Litigation").

3. This declaration is submitted in support of DJI's application for a protective order relating to the production of one segment of certain flight control source code (the "Restricted Source Code"). Other flight control source code relating to the products accused of infringement is available for production, as is source code related to other aspects of the products at issue.

4. On May 23, 2023, counsel for the parties had a lengthy discussion regarding the production of source code by Zoom conference.

5. During this conference, counsel discussed certain specific issues relating to DJI's inability under governing Chinese law that carry criminal penalties, to produce the Restricted Source Code that Plaintiff Textron Innovations Inc. ("TII") seeks. We explained to counsel for

2

TII that DJI is currently prepared to provide all of the source code relevant to the matter on June 5, 2023, but does not have legal control over the Restricted Source Code and will not be able to produce it ▮▮▮▮.

6. We are informed that on January 6, 2023, in response to a ▮▮ export license application covering the Restricted Source Code, the Department of Commerce of Guangdong Province ("GDDOC") of China (a provincial sub-agent of the national MOFCOM agency) issued a decision denying DJI's export of the Restricted Source Code to protect national interests. Therefore, ▮▮▮▮, we are informed that the production of the Restricted Source Code is prohibited by the Chinese Government. We are informed that any violation of the January 6 decision issued by the Chinese Government carries with it significant administrative and criminal penalties. (*See* Ren Declaration ¶¶ 10-11.)

7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8. Moreover, we offered two compromises that would enable TII to legally access the Restricted Source Code. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ Both options would allow TII to engage a Chinese National consultant to view the Restricted Source Code, and ascertain its relevance and necessity, if any, to the Litigation. If the

Restricted Source Code is determined not to be relevant or necessary, then both parties would avoid an unnecessary and complex discovery dispute.

9. TII's counsel flatly rejected DJI's offers. TII's counsel did so based on their expressed view that to review the code at this point in time may expose them or a person of their designation (even of Chinese Nationality), to criminal penalty. They refused to meaningfully engage in any discussion directed towards accessing the Restricted Source Code, which, to be clear, represents only a small fraction of the code in this Litigation.

10. Despite acknowledging the criminal penalties that would accompany the production of the Restricted Source Code and even conveying their own fear that they would be subjecting their own expert to criminal penalties if they were to send that person to review the Restricted Source Code, TII's counsel still demanded production of the code on June 5, 2023.

11. TII's counsel repeatedly suggested, improperly, that the source code issue had already been decided and resolved in the case before the Western District of Texas.

12. Attached as Exhibit A is a true and correct copy of the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

13. Attached as Exhibit B is a true and correct copy of a certified translation of the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

14. Attached as Exhibit C is a true and correct copy of the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

15. Attached as Exhibit D is a true and correct copy of a certified translation of the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

16. Attached as Exhibit E is a true and correct copy of DJI's P.R. 3-4(a) June 5, 2023 production correspondence.

17. DJI sought consent from TII for the relief requested in the present motion. TII refused.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2023.

      /s/ Catherine Nyarady
**CATHERINE NYARADY**