## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TEXTRON INNOVATIONS INC., <br><br>                       Plaintiff, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD., <br> DJI EUROPE B.V., SZ DJI BAIWANG <br> TECHNOLOGY CO. LTD., and IFLIGHT <br> TECHNOLOGY COMPANY LTD. <br><br>                       Defendants. | Case No. 2:22-CV-00351-RWS-RSP <br><br> **REDACTED PUBLIC VERSION** |

## DECLARATION OF QING REN

I, QING REN, declare pursuant to 28 U.S.C. § 1746:

### I.       INTRODUCTION

1.       I am a Partner at the Global Law Office ("GLO") based in Beijing, China.  I have been retained by SZ DJI Technology Co., Ltd ("DJI") for the purpose of advising DJI on whether production of a portion of the source code for the flight control system (the "Restricted Source Code") in this litigation brought by Textron Innovations Inc. against DJI falls within the purview of Chinese export control laws and, if so, the repercussions DJI will face, should it choose to procure them without the express written consent of Chinese authorities.

2.       I specialize in international trade law, especially in areas of export control, economic sanctions, WTO dispute settlement, trade policy consultation, and other related areas. Prior to joining GLO, I worked at the Department of Treaty & Law of the Ministry of Commerce ("MOFCOM") of China from 2004 to 2013, with a focus in the international trade law area.

1

MOFCOM is the national agency responsible for formulating and enforcing government policy on foreign trade and commerce.

3.      At the request of DJI, I prepared this affidavit in support of its Motion for a Protective Order.

4.      The statements herein are based on my knowledge and professional legal assessment.  I am familiar with the relevant factual matters of the instant case and Chinese export control laws.

5.      I have also reviewed the final decision of the Department of Commerce of Guangdong Province ("GDDOC") (a provincial-level government agency responsible for foreign trade and commerce) issued on January 6, 2023 regarding DJI's ████ Application for Export Restricted Technology ████████████ denying DJI's application to export the Restricted Source Code.

## II.     CHINESE EXPORT LAWS LEAVE NO ROOM FOR DJI'S DISCRETION

6.      In accordance with the *Foreign Trade Law of the Peoples' Republic of China* (the "FTL")[1] and its implementing regulations, including the *Regulations on Administration of Technology Import and Export of the People's Republic of China* (the "TIER")[2] and *Measures on Administration of Prohibited or Restricted Technology Import* (the "TEM"),[3] China prohibits or restricts the export of certain technologies.[4]

7.      Export of technologies subject to prohibition is prohibited; export of technologies subject to restriction requires a license.[5]  The technologies subject to prohibition or restriction

---

[1] Adopted on May 12, 1994, as last amended on December 30, 2022.
[2] Decree No. 331 of the State Council of China, as last amended on November 29, 2020.
[3] MOFCOM order No. 2 of 2009.
[4] *See* Articles 15 and 16 of the FTL (restricting or prohibiting export for various purposes, including the safeguard of national security).
[5] *See* Articles 15, 16 and 18 of the FTL, and Articles 29 and 30 of the TIER.

have been set out by a catalogue (the "Catalogue")[6] promulgated by MOFCOM and the Ministry
of Science and Technology of China in accordance with the authorization of the FTL and TIER.[7]

8.      The Restricted Source Code falls within the scope of the first and/or second
control points of the Drone Technology in the Catalogue and is consequently subject to export
restriction.[8]  GDDOC's January 6, 2023 decision formally confirmed that the Restricted Source
Code is subject to export restriction.  DJI is thus not permitted to export the Restricted Source
Code ███████████████████████.

9.      Further, GDDOC's denial of the ████████████ means that DJI is ███████
prohibited from exporting the Restricted Source Code ████████████████████████████
██████████████████████████.  Therefore, DJI is currently unable to
transfer ("zhuan yi" in Chinese) the Restricted Source Code from within China to outside of
China by any means.[9]  For example, DJI cannot send via email, or provide remote access to, the
Restricted Source Code to any person outside Chinese territory.

## III.    DJI WOULD FACE SEVERE ADMINISTRATIVE AND / OR CRIMINAL PENALTIES IF IT EXPORTS THE RESTRICTED SOURCE CODE WITHOUT A LICENSE

10.     Pursuant to the FTL and the TIER, export of a technology subject to export
restriction without a license will result in severe administrative and/or criminal penalties.
Specifically, where a technology subject to export restriction is exported without a license, the
exporter shall be prosecuted for criminal liabilities in accordance with the provisions for the

---

[6] MOFCOM order No. 12 of 2008, as last amended on August 28, 2020.
[7] See Article 17 of the FTL and Article 28 of the TIER.
[8] ████████████████████████████████████

[9] See Article 2 of the TIER.

crimes of smuggling, illegal business operation, divulging national secrets or other crimes in the

Chinese Criminal Law; where the actions are not so severe as to warrant criminal punishment,

the exporter shall be punished in accordance with the Chinese Customs law, or be imposed by

MOFCOM a fine up to five times of the illegal gain of the exporter therefrom.[10]

      11.     Therefore, DJI will face the penalties as described above if it exports the

Restricted Source Code, including exporting to a non-Chinese National, without a license.

## IV.   DJI CAN ONLY PRODUCE THE RESTRICTED SOURCE CODE VIA CONSENT FROM THE CHINESE AUTHORITIES



      In the ███████████, it took almost two months, from

November 11, 2022 to January 6, 2023, for the GDDOC to issue the decision, denying that

---

[10] *See* Article 60 of the FTL and Article 43 of the TIER.
[11] *See* Article 6 of the TEM.

application. This was despite no additional documents being requested. ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

15.    ███████████████████████████████████████

███████████████████████████████████████

 

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on June 5, 2023.

/Qing Ren/

QING REN

---

████████████████████████