# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEXTRON INNOVATIONS INC., <br>    Plaintiff, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD.; DJI EUROPE B.V.; SZ DJI BAIWANG TECHNOLOGY CO. LTD.; AND IFLIGHT TECHNOLOGY COMPANY LTD., <br>    Defendants. | § § § § § § § § § § § § § | Civil Action No. 2:22-CV-351-RWS-RSP |

## ORDER

Defendants previously filed a Motion for Entry of a Disputed Protective Order. Docket No. 41; *see also* Docket No. 41-3. The magistrate judge entered an order denying certain limitations Defendants proposed regarding dissemination of certain source code and requiring the parties to meet and confer and refile a motion for a protective order consistent with those rulings. Docket No. 48. Defendants objected to the magistrate judge's order; Plaintiff responded. Docket Nos. 58, 65.

In their objections, Defendants explain that Chinese entities must comply with China's export control laws. Docket No. 58 at 2. They explain that, in accordance with these expert control laws, China's Ministry of Commerce and Ministry of Science and Technology have promulgated regulations. *Id.* These regulations include a catalogue that lists technologies that are subject to export prohibitions or restrictions requiring an export license. *Id.* (citing Docket Nos. 41-4, ¶¶ 6–7; 54-2, ¶¶ 6–9). Failure to comply with the law can subject the exporter to severe administrative and/or criminal penalties. *Id.* (citing Docket Nos. 41-4, ¶ 18; 54-2, ¶¶ 6–9).

Defendants, based on their asserted good faith belief that at least some of their source code required an export license, filed an export application with the Guangdong Province's Department of Commerce ("GDDOC"). *Id.* (citing Docket Nos. 41-4, ¶¶ 6–7, 20; 54-2, ¶¶ 10–12). A component of the export license application requires Defendants to "include the protective order that will be entered in the case." *Id.* at 3. Defendants "believe[] that a protective order with strong and specific restrictions on the availability and use of any source code produced from China . . . will help persuade the GDDOC to issue" an export license. *Id.* As such, Defendants object to all but the first paragraph of the magistrate judge's order. *Id.*; *see also* Docket No. 48. Defendants' arguments largely reiterate the arguments they presented in their original motion (Docket No. 41)—the arguments that the magistrate judge already rejected (Docket No. 48).

Defendants argue that the magistrate judge's denial of a protective order including the disputed provisions was clearly erroneous because their motion and arguments established good cause and the exclusion of these provisions may result in the denial of an export license which could force Defendants to violate Chinese law or the Court's order. Docket No. 58 at 4–6. For support, Defendants present three primary arguments.

First, Defendants argue that they "narrowly tailored in an attempt to maximize the likelihood" of obtaining an export license and that Plaintiff "did not dispute that [Defendants could face] severe administrative and/or criminal penalties under Chinese law . . . ." *Id.* at 4–5. But as Textron identifies, Defendants' reasoning is flawed. Docket No. 65 at 5.[1]

Second, Defendants argue that Textron presented no evidence that the disputed provisions would be insufficient to analyze infringement using the restricted source code. Docket No. 58 at

---

[1] Plaintiff's persuasive reasoning is redacted in the publicly filed version of its response. Docket No. 68 at 5. For this reason, the Court limits its discussion in this order.

5. Textron notes, however, that Defendants recognize the disputed provisions allow them to withhold code that Defendants have admitted is relevant, allowing Defendants to "use the non-production of its code as a shield in its non-infringement defense" and leaving Textron with no remedy. Docket No. 65 at 6. "Moreover, [Defendants] proposed provisions would limit review of [their] code [to only] Chinese nationals lawfully admitted for permanent residence in Chinese mainland, which would likely exclude all of [Textron's] counsel and experts, and preclude such a Chinese national from even discussing the code with counsel." *Id.*

Third, Defendants argue that they may be penalized under Chinese law if they cannot obtain the export license. Docket No. 58 at 5–6. Textron responds, however, that Defendants voluntarily entered the United States marketplace and cannot now shield themselves from discovery based on Chinese law. Docket No. 65 at 6 (citing *Arigna Tech. Ltd. v. Nissan Motor Co.*, No. 2:22-cv-00126-JRG-RSP, 2022 WL 3020136, at *1 (E.D. Tex. July 29, 2022) ("foreign law 'do[es] not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that [foreign law]'") (internal citations omitted) and *In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig.*, MDL No. 2875 (RBK), 2021 WL 6010575, at *18 (D. N.J. Dec. 20, 2021) ("Even though between a 'legal rock and hard place,' [the] defendants cannot enter the [United States] market expecting a possible shield from unfavorable discovery by [relying on foreign] blocking statutes. As one judge's decision has implied, if you don't like the rules, then stop doing business in the [United States].")).

Further, while Defendants fail to identify case law where courts have adopted similar restrictions to the disputed provisions, courts in this district have rejected similar requests. *See e.g.*, *Fitistics, LLC v. Huawei Device Co., Ltd.*, Civil Action No. 2:23-cv-00008-JRG-RSP, Docket No. 30 (E.D. Tex. Apr. 5, 2023); *EON Corp. IP Hldgs., LLC v. Landis+Gyr Inc.*, Civil Action No.

6:11-cv-00317-LED-JDL, Docket No. 154 at 3-4 (E.D. Tex. June 12, 2012); *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, Civil Action No. 4:18-cv-00474, Docket No. 99 at 1–2 (E.D. Tex. Apr. 17, 2019). And Defendants present no arguments as to the magistrate judge's denial of the specific restrictions in paragraphs 2-7 of his order. *See generally*, Docket No. 58.

Thus, after reviewing the parties' briefing on the Motion for Entry of a Disputed Protective Order, the magistrate judge's order, and the briefing on Defendants' objections, the Court agrees with the magistrate judge and concludes that the objections fail to show that his order was clearly erroneous or contrary to law. Accordingly, it is

**ORDERED** that Defendants' objections (Docket No. 58) and are **OVERRULED**, and the magistrate judge's order (Docket No. 48) is **ADOPTED**.

**So ORDERED and SIGNED this 19th day of July, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE